UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YVONNE CLAYTON | § | |
| | § | CIVIL ACTION NO. 4:24-cv-01726 |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| HOUSTON BOULEVARD PROPERTIES, INC. | § | |
| | § | |
| Defendant | § | |

## COMPLAINT

TO THE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff YVONNE CLAYTON and brings this cause of action against HOUSTON BOULEVARD PROPERTIES, INC. ("HOUSTON BOULEVARD PROPERTIES" or "Defendant"). HOUSTON BOULEVARD PROPERTIES, INC. owns, controls, manages, and rents the real estate, property, and improvements in South Houston, Texas, where a business named LA FONDA TAQUERIA operates. Ms. CLAYTON respectfully shows that the Defendant's real estate, property, and improvements at the location are not accessible to individuals with mobility impairments and disabilities, in violation of federal law.

### I. CLAIM

1. Plaintiff YVONNE CLAYTON, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

1

2. Defendant refused to provide Ms. CLAYTON and others similarly situated with sufficient ADA-compliant parking in the parking lot that serves LA FONDA TAQUERIA. At the South Houston location, there are no ADA-compliant van-accessible spaces on the shortest access route to the business. In addition, there are no ADA-required handicapped parking signs.

Based on these facts, Defendant has denied Ms. CLAYTON the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at LA FONDA TAQUERIA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in South Houston, Texas, where the LA FONDA TAQUERIA business is located.

## PARTIES

5. Plaintiff YVONNE CLAYTON is a resident of Harris County, Texas. Ms. CLAYTON has a disability, as established by the federal government and the Social Security Administration. Ms. CLAYTON has a disabled placard on her vehicle as issued by the State of Texas. Ms. CLAYTON has significant mobility impairments and uses assistive devices for mobility. She is a "qualified individual with a disability" within the meaning of ADA Title III.

6.     Defendant HOUSTON BOULEVARD PROPERTIES, INC. owns, manages, controls, and leases the improvements and building where the LA FONDA TAQUERIA business is situated. The address of LA FONDA TAQUERIA is 812 Houston Boulevard, South Houston, Texas 77587. The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA.

7.     Defendant HOUSTON BOULEVARD PROPERTIES, INC. is the owner of the property. Defendant is a domestic corporation. Defendant can be served process via service to its Registered Agent, Carl Christoph, at 401 David Street, Friendswood, Texas 77546-4474, as indicated by records from the Texas Secretary of State.

## II. FACTS

8.     LA FONDA TAQUERIA is a business establishment and place of public accommodation in South Houston, Texas. LA FONDA TAQUERIA is situated on real estate, property, and improvements owned, controlled, managed, and leased out by HOUSTON BOULEVARD PROPERTIES, INC.

9.     LA FONDA TAQUERIA is not accessible to disabled individuals because it has no ADA-compliant van-accessible spaces on the shortest access route to the business. At the South Houston location, there are none whatsoever on the premises. In addition, there are no ADA-required handicapped parking signs.

10.    Pictures taken at the location prove this:



LA FONDA TAQUERIA business in South Houston, Texas. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance on the shortest possible access route. In addition, there are no ADA-required handicapped parking signs.



LA FONDA TAQUERIA business in South Houston, Texas. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance on the shortest possible access route. In addition, there are no ADA-required handicapped parking signs.

11. The Plaintiff went to the LA FONDA TAQUERIA property in April of 2024.

12. In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied Plaintiff the full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff intends to return to LA FONDA TAQUERIA. By not having an ADA-compliant parking area, the Plaintiff's life is negatively affected because she is not able to safely access the location without fear of being struck by a vehicle. This causes the Plaintiff depression, discomfort, and emotional stress and the Plaintiff is prevented from resuming

5

a normal lifestyle and enjoying access to businesses in her area.

13. Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

14. At the South Houston location, there are no ADA-compliant van-accessible spaces on the shortest access route to the business. In addition, there are no ADA-required handicapped parking signs, thus deterring disabled patrons from accessing the business.

15. The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been federal law for over 30 years. These are blatant violations of the ADA.

### III. CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

16. Plaintiff repleads and incorporates by reference, as if fully set forth at length herein, the allegations contained in all prior paragraphs of this complaint.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

6

  a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

  b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

  c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

18. Here, the Defendant did not provide a sufficient number of ADA-compliant van-accessible parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA.

### IV. RELIEF REQUESTED

<u>Injunctive Relief</u>

19. Ms. CLAYTON will continue to experience unlawful discrimination as a result of the Defendant's refusal to comply with the ADA. Injunctive relief is necessary so she and all individuals with disabilities can access the Defendant's property equally, as

required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

Declaratory Relief

20.  Ms. CLAYTON is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

21.  The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

Attorney's Fees and Costs

22.  Plaintiff is entitled to reasonable attorney's fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## V. PLAINTIFF HAS STANDING

23.  The United States Court of Appeals for the Fifth Circuit is clear with regard to ADA standing and set forth its reasoning in *Frame v. Arlington, 657 F.3d 215 (5th Cir. 2011)(cert. denied)*: "Article III standing requires a plaintiff seeking injunctive relief to allege 'actual or imminent' and not merely 'conjectural or hypothetical' injury."

24.  In this manner, the Fifth Circuit ruled in *Frame* that for a person to have standing and bring an ADA claim, the person must allege the inability to access the goods, facilities, and services that the defendant offers. As applied to the instant case, the Plaintiff alleges that he is unable to fully access the goods, facilities, and services at the Defendant's property because the property is not accessible and is not ADA-compliant.

The Plaintiff lives in Harris County, has visited the Defendant's property, has the intent to return, but was 'deterred from visiting or patronizing the accommodation,' thus meeting the requirements for standing in *Frame*.

25.     Again, the Fifth Circuit emphasizes how standing is met by ADA claimants: "Once a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, the plaintiff has suffered an injury." See *Frame v. Arlington, 657 F.3d 215 (5th Cir. 2011)(cert. denied), quoting Pickern v. Holiday Foods Inc., 293 F.3d 1133, 1136-37 (9th Cir. 2002).* Thereby, Plaintiff meets the Fifth Circuit standard under *Frame* to allege and plead a sufficient cause of action.

26.     Plaintiff also alleges that her day-to-day life has been negatively impacted by the Defendant's refusal to bring the property into ADA compliance. Thus, Plaintiff meets the second prong of the Fifth Circuit's requirement for standing in ADA cases: a) intent to return; and b) negative impact on day-to-day life. *See Frame v. Arlington, supra.*

27.     The parking layout at Defendant's location creates a hazardous condition because: 1) there are no van-accessible spaces and a customer cannot safely exit their vehicle and remove their mobility aids (cane, walker or wheelchair); 2) there are no disabled / handicapped spaces whatsoever, thus forcing disabled customers to park far from the store entrance; and 3) lack of markings / proper signage which allows vehicles to park everywhere, thus creating the likelihood that the Plaintiff could be injured by another vehicle as Plaintiff is offloading mobility assistance devices (cane, walker, wheelchair, etc.) These conditions make it appear that Plaintiff is unwelcome at Defendant's property. Thus, the Plaintiff is deterred from accessing LA FONDA

TAQUERIA and meets the pleading standard under *Frame* to show standing and seek injunctive relief.

28. Intent to Return. Plaintiff has the intent to return to LA FONDA TAQUERIA. The Plaintiff is a resident of Harris County, Texas, and shops locally. The Plaintiff believes it is beneficial to shop locally to save money and provide for the well-being of her family. Not having access to local businesses (because of her disability) negatively impacts the Plaintiff's daily life. Not being able to patronize local shops and stores negatively impacts Plaintiff in her day-to-day life.

## VI.  PRAYER FOR RELIEF

THEREFORE, Ms. CLAYTON respectfully requests this Court award the following relief:

A. A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Ms. CLAYTON and those similarly situated, in violation of the law;

B. A declaratory judgment that Defendant's actions are a violation of the ADA;

C. Find that Ms. CLAYTON is the prevailing party in this action, and order Defendant liable for Plaintiff's attorney's fees, costs, and litigation expenses; and,

D. Grant such other and additional relief to which Plaintiff may be entitled in this action.

DATED: May 8, 2024    Respectfully submitted,

                        BY:     */S/   R. Bruce Tharpe*
                               R. Bruce Tharpe
                               Texas State Bar ID No. 19823800
                               Colorado State Bar ID No. 54500
                               Federal Bar ID 13098

                               **LAW OFFICE OF**
                               **R. BRUCE THARPE, PLLC**
                               PO Box 101
                               Olmito, TX 78575
                               (956) 255-5111 (Tel)
                               Email: rbtharpe@aol.com
                               Questions@BruceTharpeLaw.com

                               ATTORNEY OF RECORD FOR
                               PLAINTIFF YVONNE CLAYTON